NOT DESIGNATED FOR PUBLICATION

No. 117,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA FOSTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed August 24, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Joshua Tyvon Foster appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Foster's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On May 7, 2014, Foster pled no contest to three counts of distributing marijuana and one count of distributing methamphetamine. On July 3, 2014, the district court imposed a controlling term of 45 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

1

Foster subsequently stipulated to committing many violations of his probation, mostly involving drug use. The district court imposed intermediate sanctions for these violations, including a 120-day sanction with the Kansas Department of Corrections (KDOC). Even after the 120-day sanction, Foster again admitted to violating the conditions of his probation on many grounds, including testing positive for oxycodone on July 5, 2016. At a hearing on October 3, 2016, the district court revoked Foster's probation and ordered him to serve his underlying prison sentence. Foster appealed.

On appeal, Foster claims the district court "erred in revoking [his] probation because further sanctions remained an option." But Foster acknowledges that the district court could revoke his probation after the 120-day sanction with the KDOC.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court gave Foster many chances to succeed on probation. As Foster acknowledges, the district court did not have to impose another intermediate sanction after the 120-day sanction with the KDOC. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). The following colloquy between the judge and Foster at his final hearing sums up the two-year history of this case:

"THE COURT: Mr. Foster, do you remember what I said to you last time?

"THE DEFENDANT: Yes, sir.

"THE COURT: What did I say?

"THE DEFENDANT: You profoundly told me, I mean, that if I continue using I was going to go back to prison.

"THE COURT: Did you not believe me?

"THE DEFENDANT: Your Honor, I most certainly did. I'm fighting—I'm fighting addiction. I mean, I thought I could do it myself. I mean, I put myself in my treatment. I didn't have a recommendation from Brett. I had to seek that myself. I've been seeking help everywhere I could find it, I mean, and it's just been beyond me.

. . . .

"I understand exactly what you told me last time and I mean, addiction is a hard—it's a hard battle I've been fighting, and I'm been baffled by it. I really can't explain it. I have been struggling, yes. I mean, I take your word I'm just going to go back to prison if I continue using.

"THE COURT: Mr. Foster, I do believe that you've been given multiple, four or five opportunities on probation. I was trying to go back once again and count very quickly, and I don't know, it could be even more than that, perhaps, but staff has worked in trying to help you out, getting you in inpatient. It hasn't worked.

"There reaches a point in time where when the Court orders something, it means something, and you've reached that point. Therefore, I'm ordering that you be remanded to the Department of Corrections to serve the balance of your sentence. You are given credit for all of the time that you've served pending today's hearing. That's all I have."

A drug addiction is hard for anyone to beat. But when it leads to criminal activity, the courts ultimately must enforce the law. Here, the district court's decision to revoke Foster's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Foster has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.

3